IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RANDY RHINEHART, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY A. BERRYHILL, Deputy | *   No. 3:18cv00019-JJV |
| Commissioner for Operations, performing | * |
| the duties and functions not reserved to | * |
| the Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Randy Rhinehart, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. Although a close case, after careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Mr. Rhinehart was twenty-five years old at the time of the administrative hearing. (Tr. 28.) He testified he completed high school in special education classes. (*Id*.) He has no past relevant work. (Tr. 18.)

The Administrative Law Judge[1] (ALJ) found Mr. Rhinehart had not engaged in substantial gainful activity since October 12, 2015 - the alleged onset date. (Tr. 12.) He has "severe" impairments in the form of "intellectual disorder." (*Id*.) Although he has "severe" intellectual impairment, the ALJ found Mr. Rhinehart did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-15.)

The ALJ determined Mr. Rhinehart has the residual functional capacity to perform work at all exertional levels, but is limited by his intellectual disorder. (Tr. 15-16.) Because Mr. Rhinehart had no past relevant work, the ALJ utilized the services of a vocational expert to

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

determine if jobs existed that Plaintiff could perform despite his impairment. Based on the testimony of the vocational expert (Tr. 36-39), the ALJ determined Mr. Rhinehart could perform the jobs of garbage collector and poultry hanger. (Tr. 58.) Accordingly, the ALJ determined Mr. Rhinehart was not disabled. (Tr. 20.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues the Administrative Law Judge (ALJ) incorrectly determined he did not meet the criteria for Listing 12.05. (Doc. No. 11 at 12-17.) In considering whether Plaintiff's impairment met 12.05, the ALJ concluded that he failed to meet the paragraphs A and B criteria. (Tr. 13-15.)

I have carefully reviewed the medical evidence and find that substantial evidence supports the ALJ's decision. A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

Under Listing 12.05, a Plaintiff must first meet the requirements of the introductory paragraph, then the subparagraph criteria, before he may be found to meet the listing. See Listing 12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and

3

any one of the four sets of criteria, we will find that your impairment meets the listing."). Listing 12.05's introductory paragraph defines "intellectual disability" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. So, "[t]o be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

The main contention in this case arises from the ALJ's conclusion that Plaintiff had only mild limitations in interacting with others. (Tr. 14-15.) Plaintiff argues this finding is not supported by the evidence. (Doc. No. 11 at 15.) Plaintiff takes issue with the fact the ALJ focused on Plaintiff's stated abilities that were largely reported by his mother in the form of a written questionnaire. (*Id.*) However, Plaintiff's own testimony supports the ALJ's conclusion here. He reported, "I have a few friends. I'm friends with the Fire Department in my town. But that's about it other than one friend, that's not a fire fighter." (Tr. 31.) He further reported that in October, he helps with a haunted house sponsored by the fire fighters. (*Id.*)

Somewhat in Plaintiff's favor is the most recent report by Kenneth B. Jones, Ph.D. (Tr. 249-253.) Dr. Jones reported that Mr. Rhinehart showed ". . . appropriate receptive language abilities, yet it is evident that he has problems reading social cues in an age appropriate manner. He would likely be taken advantage of easily by those intending him harm. He has poor social discretion." (Tr. 252.) But taken as a whole, the ALJ found Dr. Jones's findings supported a conclusion that Plaintiff was capable of working in some capacity. (Tr. 15.) I, too, find Dr.

Case 3:18-cv-00019-JJV   Document 13   Filed 06/27/18   Page 5 of 5

Jones's report to indicate Plaintiff could perform the work activities identified by the vocational expert.

Plaintiff has advanced other arguments which the Court finds are without merit.[3] It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

DATED this 27th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] I agree with the Commissioner's argument regarding Plaintiff's ability to concentrate, persist, or maintain pace. (Doc. No. 12 at 6-7.)

5